PER CURIAM.
This wrongful death action was instituted against Kenneth Roger Chase and his liability indemnity insurer by Martin J. Gilmore, as Administrator of the Estate of Gladys Irene Gilmore, deceased. The death of the deceased came about when, as a pedestrian crossing a street, she was struck by a motorcycle owned and being operated by Chase.
Trial of the action resulted in a verdict for the plaintiff by which the jury fixed damages for one minor child at $250,000.00 and for a second child in the amount of $50,000.00, and for the decedent’s husband, Martin J. Gilmore, at $5,000.00. In connection therewith, the jury found that of the combined negligence of the defendant (Chase) and the decedent, twenty per cent was attributable to Chase and eighty per cent to the decedent. Judgment was entered on the verdict for the reduced amounts indicated by those percentages. The defendants appealed, and Martin J. Gilmore filed a cross-assignment of error; appellants do not question the damages awarded. Appellants contend error was committed in three instances by ruling at trial by which the court, over objection, excluded certain evidence and admitted certain evidence. To discuss those matters here would serve no useful purpose. We have considered the record and briefs relating thereto and hold no reversible error thereby resulted.
Additionally, appellants contend the court erred by charging the jury on the law, as set out by statute, requiring that every motorcycle, other than a “motor-driven cycle”, have multiple beam road lighting equipment which shall reveal persons and vehicles at a distance of at least three hundred feet. Section 316.248, Florida Statutes (1975). The appellants contend the charge on that subject should have been the statutory requirement for “motor-driven cycles”; that their lighting equipment be such as to reveal persons and vehicles at a lesser distance. Section 316.249, Florida Statutes (1975).
Although in the latter statutory section it is provided that such a cycle shall have lighting equipment sufficient to reveal persons and vehicles at one hundred feet when operated at a speed of less than 25 m.p.h. and at two hundred feet when operated at a speed of 25 m.p.h. or more, that section also provides that such distance shall be not less than three hundred feet when the motor-driven cycle is operated at a speed- of 35 m.p.h. or more. In this instance, the defendant, Chase, was proceeding at the latter rate or more on his motorcycle. We find no error was made in the giving of the questioned jury charge.
Appellee, Martin J. Gilmore, seeks reversal of the judgment as to him and a new trial on damages, contending the sum of $5,000.00 fixed by the jury as damages for him was inadequate in view of the evidence. We cannot agree. There was presented to the jury evidence relating to Gilmore and his wife, the decedent, and otherwise bearing on his elements of damage, on the basis of which we are unable to conclude that the verdict awarded to Gilmore was not supported and justified by the evidence.
No reversible error having been shown, the judgment is affirmed.